NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7149

ALICCIA VOSS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Aliccia Voss, of New Sharon, Iowa, pro se.

David D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director. David J. Barrans, Deputy Assistant General Counsel, and Jane C. Kang, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

# United States Court of Appeals for the Federal Circuit

2008-7149

ALICCIA VOSS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0786, Judge Kasold.

_____

DECIDED:  July 9, 2009

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, <u>Circuit Judge</u>, and SPENCER,[*] <u>Chief District Judge</u>.

PER CURIAM.

   Aliccia A. Voss appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying her dependency and indemnity compensation ("DIC") claim based on her husband's death.  <u>Voss v. Peake</u>, No. 06-0786 (Vet. App. Jan. 11, 2008). Because Ms. Voss seeks review of the Veterans Court's factual determinations, we dismiss for lack of jurisdiction.

---

   [*]   Honorable James R. Spencer, Chief Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

# I.    BACKGROUND

Jerry D. Voss, Aliccia A. Voss' deceased spouse, served on active duty for training from January 1960 through July 1960, and on active duty from October 1961 through August 1962.  At his December 1959 enlistment examination, Mr. Voss's blood pressure was 150/90.  Although obese and classified as P3 for poor physical capacity or stamina under the Physical Profile Serial System, he did not exhibit cardiovascular abnormalities.  When evaluating Mr. Voss for possible hypertension at his July 1960 separation examination, the examiner noted labile blood pressure but considered Mr. Voss qualified for release from active duty for training.  On examination for active service in October 1961, Mr. Voss's history of high blood pressure was noted.  At that time, his blood pressure was 138/88, his cardiovascular system was normal, and a chest x-ray study was negative.  The results were similar on his July 1962 separation examination.

Mr. Voss died in 1986.  In April 2001, Ms. Voss filed a DIC claim.   In September 2001, the Regional Office ("RO") denied Ms. Voss's claim because there was "no medical evidence demonstrating that Mr. Voss' death resulted from an injury or illness that was incurred in or aggravated by his active military service."  In October 2001, Ms. Voss requested review of her DIC claim for a new decision by the Decision Review Officer.  In November 2002, the Decision Review Officer denied service connection for the cause of Mr. Voss' death.  In June 2003, the Board remanded the matter for additional development and asked the RO to "readjudicate the claim" after obtaining and reviewing "any VA, non-VA, or other medical treatment" record that was "not evidenced by the current record."

On June 8, 2004, the RO sent Ms. Voss a notice letter, asking her to provide information of health care providers who treated Mr. Voss prior to his death. The RO also asked Ms. Voss for the authorization to request medical records for her. After two follow-up communications, the RO secured all necessary medical records but denied the claim.

In February 2006, the Board affirmed the RO decision denying service connection for the cause of Mr. Voss's death because "the probative evidence of record [did] not show that a disability incurred in or aggravated by service either caused or contributed substantially or materially to [Mr. Voss's] death." Ms. Voss appealed to the Veterans Court, asserting that the Board erred in finding that the June 2004 letter provided her adequate notice. In January 2008, the Veterans Court affirmed the Board's decision. The court found that "Ms. Voss's contention [was] not supported by the record" and that "the Board's findings that notice was adequate and that the award of DIC was not warranted in this instance [were] not clearly erroneous." The Veterans Court entered the judgment on February 21, 2008. Ms. Voss timely appealed.

## II.     DISCUSSION

Under 38 U.S.C. § 7292, the scope of our review of the Veterans Court's decision is extremely limited. We decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, unless the appeal presents a constitutional issue, we may not review challenges to factual determinations or "to a law or regulation as applied to the facts of a particular case." Id. at § 7292(d)(2).

This appeal involves neither constitutional issues nor the validity or interpretation of any statute or regulation. Instead, in her informal brief, Ms. Voss essentially disagrees with the Veterans Court's analysis of the facts in her case. For example, Ms. Voss states that she was told that she "did not do as ordered signing papers" but "did sign everything the best [she] could." She complains that the RO should have "gotten the medical records of [her] deceased husband before they were destroyed." She also complains that "[t]he RO did not get [her] deceased husband[']s autopsy." However, all these are factual matters that we do not have jurisdiction to consider.

Accordingly, this appeal is dismissed for lack of jurisdiction.

No costs.